IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARANCE KIMROUGH,

    Plaintiff,

v.                                                  CASE NO. 5:14-cv-356-RH-GRJ

L K LANE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 23.) Plaintiff filed a response to Defendants' motion on July 23, 2015. (ECF No. 26.) Accordingly, Defendants' motion is now ripe for review. For the following reasons, the motion to dismiss is due to be granted.

### I. Background

Plaintiff is a prisoner in the custody of the Florida Department of Corrections ("FDOC") at Northwest Florida Reception Center ("NWFRC") in Chipley, Florida. (ECF No. 1. at 2.) Defendants L K Lane, W K Burch, and V Horton are all employed by the FDOC at NWFRC. (*Id.*)[1]

According to the factual allegations in Plaintiff's Complaint, Plaintiff is Muslim and Defendants have violated Plaintiff's First Amendment right to freedom of religion by denying him the right to attend Jumah services on Fridays. (ECF. No. 1. at 5, 7.)

---

[1] Plaintiff's Complaint does not specify whether Defendants are being sued in their official or individual capacities. (ECF No. 1.)

Specifically, Plaintiff alleges that beginning on November 29, 2014, he has appeared on call-out every Friday for Jumah service but is not allowed to attend. (ECF No. 1 at 5.) Plaintiff states that prayers during Jumah service are a requirement for him to be a Muslim. (*Id.*) According to Plaintiff, Defendant Lane and Defendant Burch have told Plaintiff that it is a privilege and because the Defendants cannot go to church when they want to because they have to work, Plaintiff does too. (*Id.*) Plaintiff also alleges that Defendant Lane yells at Plaintiff to get off the floor whenever Plaintiff tries to pray. (ECF No. 1 at 6.) Further, Plaintiff asserts that Defendant Horton is allowing this to happen. (*Id.*)

According to Plaintiff, this has taken a toll on him emotionally and mentally and he feels like his faith is being targeted. (*Id.*) Plaintiff asserts that Islam is a way of life for him, and as a result of being denied Jumah services on Fridays, Plaintiff finds himself getting angry and is considering seeking mental health counseling and medication to cope. (*Id.*)

Plaintiff claims the Defendants have violated his First Amendment right to freedom of religion. Plaintiff seeks three million dollars in monetary relief. (ECF No. 1 at 7.) Plaintiff further requests that Defendants be reprimanded and ordered to respect everyone's beliefs. (*Id.*)

## II.  Defendants' Motion to Dismiss

Defendants first seek dismissal of Plaintiff's complaint based upon Plaintiff's failure to exhaust his administrative remedies prior to filing his complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (ECF No. 23 at 5.)

Defendants argue that Plaintiff failed to file a formal grievance or a grievance appeal while at NWFRC related to Jumah prayer service or the practice of his religion prior to filing his complaint. (*Id.* at 7.) In support of their argument, Defendants have provided evidence demonstrasting that the only formal grievances Plaintiff filed between the time he was transferred to NWFRC and the date he filed his complaint were concerning disciplinary reports. (ECF No. 23-2; ECF No. 23-3.)[2]

In support of their motion, Defendants filed an affidavit of Monica Page (hereinafter "Ms. Page's Affidavit"), a Secretary Specialist assigned to NWFRC whose duties include handling grievances. (ECF No. 23-2.) Ms. Page avers in her Affidavit that from July 27, 2014 through December 22, 2014, "Mr. Kimbrough did not file any formal grievances related to Jumah prayer service or the practice of his religion." (ECF No. 23-2 at 1.) Ms. Page attaches to her affidavit a Grievance Log Search for Plaintiff, which returned one search result for a disciplinary grievance that Plaintiff filed on September 2, 2014. (ECF No. 23-2 at 2.)

In addition to Ms. Page's Affidavit, Defendants filed an affidavit of Shirley A. Johnson (hereinafter "Ms. Johnson's Affidavit"), an Administrative Assistant and custodian of records employed by the FDOC Bureau of Policy Management and Inmate Appeals. (ECF No. 23-3.) Ms. Johnson avers in her Affidavit that from July 27, 2014 through December 22, 2014, there were no grievance appeals related to Jumah prayer service or the practice of Plaintiff's religion. (*Id.* at 1.) Ms. Johnson attaches to her Affidavit a Grievance Log Search for Plaintiff, which returned the following two search

---

[2] Plaintiff's complaint is dated December 22, 2014. (ECF No. 1 at 7.)

results for grievances filed: (1) security matters filed on October 29, 2013 while Plaintiff was housed at Jackson Correctional Institution, and (2) disciplinary matters filed on August 19, 2014 while Plaintiff was housed at NWFRC. (*Id.* at 2.)

In addition to failing to exhaust administrative remedies, Defendants also argue that Plaintiff may not sue Defendants in their individual capacities for compensatory or punitive damages absent a physical injury. (ECF No. 23 at 9.) Defendants note that Plaintiff makes no allegations whatsoever of physical injury to support Plaintiff's claim for compensatory damages. (*Id.* at 9-10.)

Finally, Defendants argue that they are entitled to Eleventh Amendment immunity to § 1983 claims for damages in their official capacities. (ECF No. 23 at 10.) Defendants contend that because Florida has not waived its Eleventh Amendment immunity from suit in federal court, Fla. Stat. § 768.28(18), Defendants are immune from suit in their official capacities for damages.

### III.  Standard of Review

For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. V. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009), the Supreme Court of the United States articulated a two-pronged approach for evaluating a motion to dismiss

under Rule 12(b)(6): First, the court must determine what factual allegations in the complaint are entitled to a presumption of veracity; second, the court must then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Id.* at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County School Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010) (unpublished) (citations omitted) (applying the pleading standards of *Iqbal* and *Twombly* to a *pro se* complaint).[3]

## IV.  Discussion

### A.  *Exhaustion under the PLRA*

Plaintiff's failure to exhaust all available administrative remedies under the PLRA before filing his complaint requires dismissal of his complaint. The PLRA requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue*

---

[3] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

*Case No: 5:14-cv-356-RH-GRJ*

*v. Pearson,* No. CV410-240, 2011 U.S. Dist. LEXIS 66950, at *2-3 (S.D. Ga. 2011) *(*citing *Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005))*.* Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

To exhaust administrative remedies in Florida, a prisoner in FDOC custody must complete the administrative review process established under regulations promulgated by the Secretary of the FDOC. Fla. Stat. Ann. § 944.09(1)(d) ("The department has authority to adopt rules ... to implement its statutory authority. The rules must include rules relating to ... [g]rievance procedures which shall conform to 42 U.S.C. § 1997e."). Under the administrative review process established by the Secretary of the FDOC, a prisoner must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Secretary of the FDOC. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004)

(citing Fla. Admin. Code Ann. §§ 33-103.001-103.019). Once a prisoner has completed this process, he has properly exhausted his administrative remedies. *Id.*

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008.) Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *Whatley v. Warden*, ___ F.3d ___, 2015 WL 5568465, at *5 (11th Cir. 2015) (at first *Turner* step, district court must accept plaintiff's facts as true "and make the exhaustion determination on [plaintiff's] view of facts;" appellate review of results of first step is *de novo*). If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *Whatley*, 2015 WL 5568465, at *6 (defendants' contention that plaintiff's exhibits were fabricated created a factual dispute that required explicit findings under the second Turner step; such findings are subject to review on appeal for clear error).[4]

---

[4] In *Whatley*, the Eleventh Circuit reversed the dismissal of a complaint for failure to exhaust because the record did not reflect whether the district court dismissed the

*Turner* also established, however, that an inmate is not required to grieve a "breakdown in the grievance process" because the PLRA only requires that a prisoner exhaust his "available administrative remedies." *Id.* at 1083-84 ("[I]t is possible for retaliation or the threat of retaliation to make administrative remedies unavailable to an inmate."). In the context of retaliation or threatened retaliation, the *Turner* court concluded:

> We conclude that a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy "unavailable," and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Id.* at 1085. To successfully excuse a failure to exhaust, courts have generally concluded an inmate must allege more than just threats of retaliation, but instead must allege both such threats of retaliation as well as the use of physical force against the inmate in response to the filing of grievances. *See, e.g.*, *Hemphill v. New York*, 380 F.3d 680, 689 (2d Cir. 2004) (noting that if inmate was assaulted and threatened to keep him from complaining, exhaustion should be excused); *Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006) (exhaustion could be excused where prisoner was threatened with beating for filing grievances and threat was carried out).

---

case on the first or second step of *Turner*, and thus, the Court could not evaluate whether the district court's conclusions should be reviewed under the *de novo* standard of the first *Turner* step or the "clear error" standard of the second *Turner* step. 2015 WL 5568465, at *6.

In this case, it is clear that Plaintiff has not successfully exhausted his claims through the appropriate grievance procedures required under the PLRA. Applying the requisite *Turner* analysis, the factual allegations regarding grievances, or lack thereof, in Plaintiff's complaint, Defendants' motion to dismiss, and Plaintiff's response do not conflict. Plaintiff's complaint wholly fails to mention any grievances filed in relation to his complaint. (ECF No. 1.) Although it is Defendants' burden to prove that Plaintiff has failed to exhaust his available administrative remedies, *Turner*, 541 f.3d at 1082-83, Defendants have done so in this case. As previously discussed, Ms. Page's Affidavit and Ms. Johnson's Affidavit demonstrate that Plaintiff indeed has not filed any grievances in relation to the claims asserted within his complaint. (ECF Nos. 23-2, 23-3.)

Plaintiff even acknowledges his failure to file formal grievances related to his complaint in his response to Defendants' motion to dismiss and says that "exhaustion of state remedies is not required." (ECF No. 26 at 2.) Plaintiff's argument misses the mark because exhaustion is indeed mandatory under the PLRA. *See Jones,* 549 U.S. at 211. Plaintiff cites several cases in support of his proposition that exhaustion is not required, but none of the cited cases deal with claims under the PLRA, and all of the cases Plaintiff cites were decided long before Congress enacted the PLRA. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006) ("Before 1980, prisoners asserting constitutional claims had no obligation to exhaust administrative remedies. . . . . Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. . . . . Finally, exhaustion of available administrative remedies is required for any suit challenging

prison conditions, not just for suits under § 1983.").

Plaintiff further argues that § 1997(e) "strongly infers also that futility or unavailability of state remedies in particular cases will not require an inmate to perform the act of processing his claim(s) through state agencies . . . ." (ECF No. 26 at 2.) Plaintiff fails to suggest, however, how or why this applies in his case. Indeed, *Turner* established that "serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement," 541 F.3d at 1085, but Plaintiff does not make any factual allegations that Defendants or anyone else have made serious threats of substantial retaliation against him for lodging a grievance. Thus, Plaintiff is required to exhaust all administrative remedies available to him pursuant to the PLRA, and his failure to do so, requires the Court to dismiss his claims against Defendants.

Further, under Eleventh Circuit precedent, failure to exhaust administrative remedies is counted as a strike under 28 U.S.C. § 1915(g). *Id.* Therefore, Plaintiff's failure to exhaust also operates as a strike under 28 U.S.C. § 1915(g).

### B.   *Monetary Relief Under the PLRA*

While Plaintiff's complaint is due to be dismissed for failure to exhaust administrative remedies the Court will briefly address Defendant's argument that the complaint should be dismissed because Plaintiff failed to allege a physical injury in connection with his request for monetary damages.

Defendants contend that Plaintiff may not sue Defendants in their individual capacity for compensatory or punitive damages absent a physical injury. (ECF No. 23 at

9.) Specifically, Defendants say that Plaintiff offers no allegations whatsoever of physical injury and instead merely alleges that the alleged violations have taken a toll on him "emotionally and mentally," and that it has left him "mentally distraught and depressed." (ECF No. 1 at 6.) In support of their position, Defendants point to 42 U.S.C. § 1997e(e), as well as *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002), which provide that, "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis," and *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000), which notes that "compensatory damages under § 1983 may be awarded only on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."

While this is true, Defendants' argument overlooks the fact that nominal damages may sometimes be appropriate under § 1997(e) if the plaintiff establishes a violation of a constitutional right, even if he cannot prove actual physical injury sufficient to entitle him to compensatory damages. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrograted on other grounds by Sossamon v. Texas*. 563 U.S. 277 (2011) (noting that under the PLRA and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), a plaintiff's monetary award, if any, "will be limited to a grant of nominal damages, in light of the limiting language of § 1997(e)").

Here, Plaintiff requests three million dollars in "monetary relief" but does not

specify whether he is seeking compensatory damages, punitive damages, or nominal damages. (ECF No. 1 at 7.)[5] A district court must consider whether a plaintiff's complaint could be liberally construed to request nominal damages. *See Williams v. Brown*, 347 F. App'x 429, 436-37 (11th Cir. 2009) (determining that the district court did not consider whether plaintiff's *pro se* complaint requesting monetary and injunctive relief should be liberally construed to request nominal damages and remanding the case to the district court to consider plaintiff's potential nominal damages claim). As such, liberally construing Plaintiff's request for "monetary relief" would include construing the request to include a request for nominal damages, particularly, where as here, the claim relates to the exercise of First Amendment rights.. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'"); *Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (concluding that plaintiff "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deems appropriate"); *cf. Foulk v. Charrier*, 262 F.3d 687, 703 (8th Cir. 2001) (noting that "including nominal damages awards within [§ 1997e(d)(2)'s] reference to 'monetary awards' is consistent with that terms' plain and ordinary meaning and Congress's apparent intent"); *Holloway v. Bizzaro*, 571 F. Supp. 2d 1270, 1272

---

[5] Plaintiff also requests for the Court to reprimand Defendants. (ECF No. 1 at 7.) The Court has no authority to issue an order for Defendants to be reprimanded. *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd in part on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978) ("federal courts have no authority to address state official out of office or to fire state employees"); *Lee v. Tillman*, No. 04-0823-WS-C, 2006 WL 2715127, at *3 (S.D. Ala. Sept. 22, 2006) ("Plaintiff's requests to reprimand, remove, replace, and investigate are not appropriate requests in this § 1983 action.").

(S.D. Fla. 2008) ("Complaints which have been liberally construed to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language."). Thus, although Plaintiff would not be entitled to recover compensatory or punitive damages absent a showing of physical injury, a request for nominal damages would be permitted under § 1997(e) if Plaintiff were able to establish a violation of a constitutional right. *See Carey*, 435 U.S. at 266-67.[6] Consequently, contrary to Defendant's argument, Plaintiff's request for monetary relief absent a physical injury is not another grounds for dismissal.

### C.    Eleventh Amendment Immunity

In addition to failure to exhaust administrative remedies Defendants are entitled to Eleventh Amendment immunity from suit in their official capacities. Defendants argue that Plaintiff's claims against Defendants in their official capacities for damages are barred by the Eleventh Amendment. (ECF No. 23 at 10.) "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). "[A] suit against a state official in his or her official capacity is not a suit

---

[6] Plaintiff's complaint does not seek injunctive relief. (ECF No. 1.) Section 1997e(e)'s prohibition on compensatory and punitive damages in civil actions for mental or emotional injuries suffered without a showing of physical injury does not preclude a prisoner from seeking injunctive relief for constitutional violations without a showing of physical injury. *Al-Amin*, 637 F.3d at 1196. Nonetheless, even if Plaintiff had requested injunctive relief, his claim still would be dismissed for failure to exhaust administrative remedies under the PLRA. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (PLRA requires administrative exhaustion prior to filing lawsuit regardless of the type of relief offered through administrative procedures).

against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the Eleventh Amendment is no bar where (1) the state consents to suit in federal court, or (2) where congress has abrogated the state's sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). In this case neither exception applies.

First, Florida has not consented to be sued in damage suits brought under § 1983. *See Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). Nor has Florida waived its sovereign immunity. *See* Fla. Stat. § 768.28(18). Second, Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). Thus, while Plaintiff would be permitted to bring suit against Defendants in their individual capacities for nominal damages or injunctive relief had he exhausted all available administrative remedies as previously discussed, the Eleventh Amendment prohibits Plaintiff from suing Defendants in their official capacities under § 1983. Therefore, Defendants are immune from suit in their official capacities for damages and the claims against Defendants in their official capacities must be dismissed.

### V. Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendants Burch, Horton, and Lane, ECF No. 23, should be **GRANTED** and the claims against Defendants **DISMISSED** for failure to exhaust

administrative remedies.

       **IN CHAMBERS** this 28th day of September, 2015.

                          *s/ Gary R. Jones*
                        GARY R. JONES
                        United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 5:14-cv-356-RH-GRJ